John Tehranian (Bar No. 211616)
Email: jtehranian@onellp.com
Jennifer A. Mauri (Bar No. 276522)
Email: jmauri@onellp.com
Victoria E. Mulvey (Bar No. 343220)
Email: vmulvey@onellp.com
**ONE LLP**
23 Corporate Plaza, Suite 150-105
Newport Beach, CA 92660
Telephone:   (949) 502-2870
Facsimile:   (949) 258-5081

Attorney for Plaintiff,
ERICA ALLEN PHOTOGRAPHY LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICA ALLEN PHOTOGRAPHY LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>EVERYTABLE PBC, a Delaware corporation; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR:**<br>**(1) COPYRIGHT INFRINGEMENT (17 U.S.C. § 501);**<br>**(2) BREACH OF CONTRACT; AND**<br>**(3) UNJUST ENRICHMENT**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

Erica Allen Photography LLC ("Erica Allen" or "Plaintiff"), by and through its attorneys of record, complains against Everytable PBC, a Delaware corporation ("Everytable" or "Defendant"), and DOES 1-10, inclusive (collectively, "Defendants") as follows:

## JURISDICTION AND VENUE

1.      This is a civil action seeking damages and injunctive relief against Defendant for, inter alia, breach of contract and willful copyright infringement in violation of the United States Copyright Act, 17 U.S.C. §§ 101 et seq.

2.      This Court has subject matter jurisdiction under the United States Copyright Act, 17 U.S.C. § 501(a), 28 U.S.C. § 1331 (federal question), and 28 U.S.C. § 1338(a) (copyright).

3.      This Court has supplemental jurisdiction over Plaintiff's claim for breach of contract under 28 U.S.C. §1367.

4.      This Court has personal jurisdiction over Defendants. Specifically, Defendants have engaged in direct, contributory, vicarious, and/or otherwise induced acts of copyright infringement in this judicial district, the contract at issue in this case was entered into in this district and performed (to the extent it was performed by Defendants) in this district, the infringements occurred in this district, and Defendant Everytable has its principal place of business/headquarters (and it was founded) in this district. Further, Defendants have engaged in continuous and systematic business in California and, upon information and belief, derive substantial revenues from commercial activities in California. Plaintiff is informed and believes, and upon such alleges, that Defendants have also engaged in a multiplicity of acts directed toward California, including without limitation, regularly and systematically soliciting and engaging in numerous commercial transactions with California-based clients. As a result, besides Defendants' active and purposeful engagement with, and substantial, continuous and systematic business ties to, California and this judicial district, there is a direct and substantial

nexus between Plaintiff's claims in this case and Defendants' purposeful availment of the privilege of conducting activities within California and in this judicial district.

5.      Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(a) in that the claim arises in this judicial district, the Defendants may be found and transact business in this judicial district, the injury suffered by Plaintiff took place in this judicial district, and a substantial part of the events giving rise to the claim occurred in this judicial district. Defendants are subject to the general and specific personal jurisdiction of this Court because of their contacts with the State of California.

## PARTIES

6.      Plaintiff is a California limited liability company with its principal place of business at 3601 Stewart Ave, Los Angeles, California 90066.

7.      Plaintiff is informed and believes, and upon such alleges, that Defendant Everytable is a public benefit corporation existing under the laws of the state of Delaware, with its principal place of business located at 1101 W. 23rd Street, Los Angeles, California 90007.

8.      Does 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will ask leave of court to amend this Complaint and insert the true names and capacities of said Defendants when the same have been ascertained. Plaintiff is informed and believes and, upon such, alleges that each of the Defendants designated herein as a "Doe" is legally responsible in some manner for the events and happenings herein alleged, and that Plaintiff's damages as alleged herein were proximately caused by such Defendants.

9.      Plaintiff is informed and believes, and based thereon alleges, that at all times herein relevant, each of the Defendants was the agent, alter-ego, servant, or employee of the remaining Defendants, and each was acting within the course

and scope of such agency/employment relationship and with the knowledge and consent of the remaining Defendants.

## FACTS COMMON TO ALL COUNTS

### *Background*

10.    Erica Allen is the sole owner of Plaintiff Erica Allen Photography LLC, and is a celebrated food and lifestyle photographer.  She is particularly renowned in the commercial food industry for her original, dynamic, and effervescent food imagery that bursts with color. She was a finalist for the Communication Arts Photography Award in 2022 and 2024.

11.    Erica Allen's notable clients include household names such as Barilla, Bibigo, FabFitFun, Jolibee, King Arthur Flour, Martha Stewart Living, Mendocino Farms, Postmates, Pressed Juicery, Quaker Oats, Staub, Susiecakes, Tillamook, Walmart, and Wetzel's Pretzels.

12.    Everytable is a meal service which provides ready-to-eat meals both via delivery subscription and at its 38 storefront locations located across Southern California.

13.    Defendant owns, operates, and/or controls the website located at https://www.everytable.com (the "Website"), in addition to the Instagram account @foreverytable (the "Instagram Account").

14.    Defendant's activities are unmistakably and unabashedly commercial, and, according to its own website, its business has been touted by *Food and Wine Magazine*, *Business Insider*, *The Los Angeles Times*, *Yahoo*, *Fast Company*, *National Geographic*, and *Eater*.

15.    On or about June 28, 2022, Erica Allen and Everytable entered into a written agreement for photography services to be provided on August 5, 2022 (the "2022 Agreement"). The 2022 Agreement specifically provides that any copyrightable works developed by Erica Allen thereunder shall be the exclusive property of Erica Allen, and may not be altered. The 2022 Agreement further

4

**COMPLAINT**

provides that "Everytable will have an unlimited license on these images for web and social usage and in-store marketing," but "[i]f Everytable wishes to create out of home campaigns with these images, an appropriate rate will be discussed at that time."

16.    "Out of home" is a term of art within the marketing industry which refers to marketing efforts that a consumer would experience outside of their home, such as on billboards, signage on public transportation and elsewhere. The terms of the 2022 Agreement were clear that any "out of home" usage of the photographs created thereunder was not licensed or included in the contract price and would need to be negotiated separately if such usage rights were desired.

17.    This arrangement was understood between the parties at all relevant times. In fact, in 2022, Everytable did reach out to Erica Allen to purchase specific limited licenses for "out of home" usages of photographs created under the 2022 Agreement on multiple occasions.

18.    All photographs created under the 2022 Agreement were timely registered with the United States Copyright Office (Reg. No. VA 2-394-975).

19.    Effective January 16, 2023, Erica Allen and Everytable entered into a Retainer Agreement (the "Retainer Agreement"), which contracted for Erica Allen to perform "no less than" 12 photoshoots for Everytable in the 2023 calendar year, for a base retainer rate of $6,812 per shoot (plus art direction and production fees and expenses). This per-shoot rate was a substantial discount from both industry standard and Erica Allen's typical rate, as there was a guarantee of at least 12 photo shoots and the deal Erica Allen was making was with what she thought was a company with integrity and a public benefit mission to reduce urban food deserts and promote food security and social justice.

20.    Everytable was aware that Erica Allen was performing services at a discounted rate under the Retainer Agreement. Prior to entering into the Retainer Agreement. Erica Allen had quoted Everytable her one-off (rather than bulk)

market rate for photoshoots for the same services, and it was an order of magnitude higher than the discount rate she provided Everytable on the understanding that she was going to receive "no less than" 12 photoshoots from Everytable—a covenant Everytable breached.

21.     The Retainer Agreement provides that any copyrightable works developed in whole or in part by Erica Allen thereunder will be the exclusive property of Erica Allen, and, therefore, any rights that Everytable might enjoy to the images taken by Erica Allen as part of the Retainer Agreement are solely based on the limited license granted to Everytable therein. Among other things, the limited license granted from Erica Allen to Everytable under the Retainer Agreement for use of the images at issue herein in any "paid social media or digital advertising" is strictly limited to a period of 15 months.

22.     The Retainer Agreement also explicitly states that "[a]ll rights transferred to Client and/or Agency [Everytable] pursuant to the estimate are conditioned upon Client and Agency's full compliance with all obligations under this Agreement, ***including, without limitation, full and timely payment of total fees and costs***." (emphasis added).

23.     Under the terms of the Retainer Agreement, the Agreement was to terminate automatically on December 31, 2023, but could be extended or renewed by the Parties in writing. The Retainer Agreement provides that either Party wishing to terminate the Agreement before that time must provide 180 days' written notice.

24.     Erica Allen created hundreds of photographs under the Retainer Agreement, each of them consisting of original, independent creative expression. Each of the photographs created under the Retainer Agreement at issue herein are timely registered with the United States Copyright Office, Registration Number VA 2-376-493.

25.     Plaintiff Erica Allen Photography LLC is the business entity for Erica Allen and Plaintiff is the owner of all rights, title and interest in and to each of the photographs registered with the United States Copyright Office, Registration Numbers VA 2-376-493 and VA 2-394-975, including but not limited to the copyrights therein and thereto.

### *The Defendant's Material Breach of the Retainer Agreement*

26.     Unfortunately, despite the Retainer Agreement's commitment by Everytable to pay for Erica Allen's services for at least 12 photoshoots, Everytable improperly attempted to terminate the Retainer Agreement, and not pay for any subsequent photoshoots, after just eight photoshoots. Specifically, on or about September 11, 2023, Sam Polk, Everytable's CEO, unilaterally and without consideration of the actual terms of the binding Retainer Agreement, notified Erica Allen that Everytable "decided to move in a different direction, and want to cancel [the] upcoming shoot" that had been set for later that month and to put an end to the Retainer Agreement. Mr. Polk further notified Erica Allen that though her "work has been great," Everytable had "found another partner at lower rates."

27.     After Erica Allen and her representatives protested Everytable's impermissible attempt to terminate the Retainer Agreement without cause, counsel for Everytable disingenuously claimed that, despite the express language in the Retainer Agreement guaranteeing 12 photoshoots, that the agreements for each individual photoshoot granted Everytable the right to "elect to proceed with a shoot in any month" and "cancel any shoot in any month without cost or penalty."

28.     In reality, each photoshoot was governed by a specific booking agreement, which provided for date-specific confirmations that would allow Erica Allen to provide staff and studio bookings without incurring financial penalties for last-minute cancellations. For example, the booking agreement for the September 2023 photoshoot, which was to take place on September 27, 2023, provided for a cancellation of that particular photoshoot on 10 days' notice. Cancellation of the

7

**COMPLAINT**

particular timing of one individual shoot, by the plain language of the Retainer Agreement, does not have any bearing on Everytable's obligation to book a minimum of 12 photoshoots in the calendar year.

29.    Moreover, by its express terms, the only means to terminate the Retainer Agreement without cause (which Everytable attempted to unilaterally do) was for a party to provide written notice thereof at least 180 days prior to the dictated termination date.   Everytable's attempted termination—noticed on September 11, 2023—could not possibly terminate the Agreement immediately, let alone at all, because the Agreement itself dictated its end date as December 31, 2023—fewer than 180 days from the putative notice of termination provided by Everytable.

30.    Everytable did not book another photoshoot with Erica Allen after giving written notice that it intended to terminate the Retainer Agreement on September 11, 2023.

31.    Everytable therefore only used Erica Allen for eight of the 12 photoshoots contractually mandated under the terms of the Retainer Agreement and, consequently, failed to retain Erica Allen for the additional four photoshoots guaranteed under the Retainer Agreement.

32.    As a result of Defendant's material and substantial breach of the Retainer Agreement and its failure to perform under the terms of the Retainer Agreement, Erica Allen has been fundamentally deprived of the benefit of her bargain and Defendant unjustly obtained the benefit of eight photoshoots at a substantially discounted rate based on the promise that they were guaranteeing Erica Allen "at least 12" photoshoots.

### *Everytable's Willful Infringement of Erica Allen's Photographs*

33.    Regardless of whether the Retainer Agreement terminated prior to its mutually agreed-upon natural end date of December 31, 2023 (as expressly stated

in the Retainer Agreement) or not, Defendant has willfully infringed Erica Allen's copyright images.

34.     Specifically, the Retainer Agreement contained a 15-month license from the effective date (January 16, 2023) date of each photoshoot, allowing Everytable to use Erica Allen's photographs for paid social media or digital advertising uses during that 15-month time period. Thus, *at best*, even if Everytable's conduct did not result in any revocation of any license it may have attained under the Retainer Agreement, Everytable's license for the use of Erica Allen's photographs created on January 17, 2023 and delivered on January 24, 2023 for paid social media or digital advertising expired, at latest, on or about April 24, 2024—15 months later.

35.     Nevertheless, despite the fact that it had *no conceivable rights* after April 24, 2024 to make use of Erica Allen's photographs for paid social media or digital advertising, Defendant proceeded to commercially exploited Erica Allen's photographs in such a matter after the expiration of any possible license.

36.     Specifically, on or about April 30, 2024, Defendant reproduced, publicly displayed and distributed two digital advertisements (the "Infringing Posts") containing reproductions of two of Erica Allen's copyrighted photographs, which were created on January 17, 2023 and delivered on January 24, 2023, on Defendant's Instagram account, @foreverytable. Said Infringing Posts were sponsored posts constituting paid digital advertising that promotes Defendant's goods and services to Instagram users. True and correct copies of said photographs by Erica Allen are attached hereto as Exhibit A, and the Infringing Posts are attached hereto as Exhibit B.

37.     The original photographs attached hereto as Exhibit A are timely registered with the United States Copyright Office under registration number VA 2-376-493, under file names web_Allen_230117_Everytable_January7686 and web_Allen_230117_Everytable_January7892.

38.    Everytable_January7686 is a shot of two breakfast parfaits in glass cups—one yogurt parfait with a berry topping and granola, and one of chia pudding with mango and coconut flakes. The parfaits are on a dark pink placemat with two spoons, against a light pink background which features a cup of coffee in a coordinating dark pink mug.

39.    Everytable_January7892 is a shot of a variety of breakfast items on a yellow table against an orange background, including a chia pudding parfait with mango chunks and coconut, a sausage egg and cheese English muffin with sauce on a wooden cutting board, a breakfast burrito on a blue plate, a cup of coffee in a dark green mug and saucer, a yellow bowl of bacon, and a parfait with a berry and granola topping.

40.    These Infringing Posts were reproduced, publicly displayed and distributed long after any conceivable license that Everytable may have had to allow for the use of the photographs would have expired (if any such license ever existed in the first place).

41.    Defendant has therefore violated, and is continuing to violate, federal law by infringing the copyrights to the photographs at issue herein (the "Photographs") by, inter alia, reproducing, distributing, and publicly displaying the Photographs, and/or derivatives thereof, in social media advertising materials without authorization of or payment to Plaintiff.

42.    Specifically, in its Infringing Posts, Defendant reproduced, distributed, and publicly displayed copies of the Photographs, and/or derivatives thereof, on its website without permission, consent, or license from Plaintiff, and after any license allegedly granted by way of the Retainer Agreement had expired.

43.    By prominently featuring the Photographs in the forefront of paid social media and digital advertising, Defendant has appropriated Erica Allen's photographs and their alluring aesthetic to attract the attention of its followers and potentially countless social media users. Paid social advertising is designed to

10

**COMPLAINT**

significantly expand the reach of an image beyond what an "organic" post would reach by targeting an audience beyond just the users that are following a given account. This unauthorized and uncompensated exploitation of the Photographs helps generate business for Defendant and drives traffic to Defendant's social media presence and website—traffic that translates into greater visibility for its services, further promotion of its business and increased revenues, all of which inure to the significant ill-gotten commercial advantage of Defendant.

44.    Defendant possesses no valid permission, consent, or license to reproduce, publicly display, distribute, or make any other use of the Photographs in digital advertising (and, arguably, at all). As such, Defendant's unauthorized exploitation of the photographs violates Plaintiff's exclusive rights to the Photographs, as secured under the United States Copyright Act, 17 U.S.C. § 106, and constitutes wholesale copyright infringement.

45.    Defendant's acts of infringement were willful because, inter alia, Everytable is an extremely sophisticated user of intellectual property with full knowledge of the strictures of federal copyright law and the basic requirements for licensing copyrighted content for commercial exploitation. Defendant is clearly fully aware of the need to clear uses of photographs by obtaining permission from, and making payment to, copyright holders, as evidenced by the facts that: (a) it knew of the need for proper licensing as it did initially obtain a license from Erica Allen when it entered into the Retainer Agreement; (b) it had a clear contract in place (the Retainer Agreement) that defined the scope of rights it had to Plaintiff's work and the (at least two) Infringing Posts brazenly occurred after any possible license for their use had plainly expired, even under the most generous interpretation of said license; (c) Defendant was repeatedly put on notice about the limitations to its rights and its problematic and disingenuous interpretation of the terms of the Retainer Agreement and, despite that, proceeded to exceed the scope of any permissible use of Erica Allen's copyrights under even the most generous

11

**COMPLAINT**

1 reading of any license to which may have once been entitled; and (d) Defendant's
2 website touts and reserves rights to Defendant's own copyrights, its intention to
3 enforce its own intellectual property rights, and the important limitations
4 preventing unlicensed use of said intellectual property rights, thereby evidencing
5 its knowledge of, sophistication about, and reliance on, the strictures of federal
6 copyright law.

7    46.    To make matters worse, Everytable has also committed multiple
8 infringing acts, which are ongoing as of October 2024 (long after Everytable was
9 put on notice of the present dispute), related to photographs created under the 2022
10 Agreement.

11    47.    Specifically, on October 17, 2024, Everytable sent an e-mail
12 marketing blast to consumers featuring a heavily altered version of a photograph
13 Erica Allen created under the terms of the 2022 Agreement, despite its
14 unambiguous terms that Everytable shall not have the right to make any changes to
15 any photographs created thereunder. True and correct copies of the original image
16 created under the terms of the 2022 Agreement and a screen capture of
17 Everytable's October 17, 2024 e-mail blast featuring the altered version thereof are
18 attached hereto as Exhibits C and D, respectively.

19    48.    The original image attached hereto as Exhibit C is timely registered
20 with the United States Copyright Office VA-2-394-975 as file name
21 web_Allen_220805_Everytable_August_Cravabowls_169 and is a shot of a brown
22 bowl with a bed of spinach, macaroni and cheese, and seasoned chicken slices with
23 a crunchy topping. The bowl is set on a brown and orange plaid napkin, on a
24 yellow tile table with a glass of sparkling water and a side of buffalo sauce in a
25 small yellow dish. Everytable altered the image as shown in Exhibit D, including
26 by cropping it, removing the sauce from the background, and modifying the
27 background from orange with a brown and orange napkin to blue with a blue
28 napkin.

**COMPLAINT**

49.     When viewed side by side, it is clear that Everytable manipulated the original image, including but not limited to dramatically changing the colors therein, thereby exceeding the scope of the rights granted to it by way of the 2022 Agreement by effectively creating an unlicensed derivation version of said image. The plain language of the 2022 Agreement specifically precludes Everytable from the right to make any alteration (i.e., derivative versions) of the any image created thereunder.

50.     Worse still, as of October 2024, Everytable is making brazenly commercial "out of home" usage of a photograph created under the 2022 Agreement, without compensation to Erica Allen therefor. True and correct copies of the original photographs that Plaintiff is informed and believes have been manipulated for the "out of home usage," and of a photograph of this "out of home" usage on a massive public billboard in Los Angeles are attached hereto as Exhibits E and F, respectively. As set forth hereinabove, this is a clear violation of the rights granted to Everytable under the terms of the 2022 Agreement, which expressly forbids "out of home" usages unless a separate specific license is negotiated with, and obtained from, Erica Allen. Everytable knew of its obligation to obtain a separate license for "out of home usage," given that it *had* specifically reached out to Erica Allen and obtained separate licenses from Erica Allen for such uses in the past (when Everytable was still working with Erica Allen and hoping to continue the relationship). Yet no such license for the usage complained of herein was ever negotiated with, or obtained from, Erica Allen, and the unlawful use is ongoing at the time of the filing of this Complaint.

51.     The original image attached hereto as Exhibit E is timely registered with the United States Copyright Office VA-2-394-975 as file name web_Allen_220805_Everytable_August_Cravabowls_189 and is a shot of a brown bowl with a bed of spinach, macaroni and cheese, and seasoned chicken slices with a crunchy topping. The bowl is grounded against a light pink background.

Everytable altered the image as shown in Exhibit F, including by flipping and rotating it, changing the color of the bowl, and manipulating the shadows, the spinach, and the chicken.

52.     Defendant also recently reproduced, publicly displayed and distributed yet another digital advertisement containing reproductions of two of Erica Allen's copyrighted photographs, created under the 2022 Agreement, on Defendant's Instagram account, @foreverytable.  Said post is a sponsored post constituting paid digital advertising that promotes Defendant's goods and services to Instagram users.  True and correct copies of these original images created under the 2022 Agreement are attached as Exhibit G.  A true and correct copy of the digital advertisement containing these two images is attached as Exhibit H.

53.     The first original image attached hereto as Exhibit G is timely registered with the United States Copyright Office VA-2-394-975 as file name web_Allen_220615_Everytable_New Website_759.  It features an orange bowl with a bed of spinach, topped with quinoa, seasoned chickpeas, pickled onion, quinoa, blackened salmon, and a side of green salsa in a small blue bowl. The bowl is set on a yellow tiled table with a green linen napkin, a fork and knife with coral handles, and an amber glass of sparkling water. Everytable altered the image by cropping it, removing it from the background, adding it to a collage, and rotating it. by 90 degrees.

54.     The second original image attached hereto as Exhibit G is timely registered with the United States Copyright Office VA-2-394-975 as file name web_Allen_220805_Everytable August_Cravabowls_173.  It features a black bowl with a fork, featuring a chopped salad with corn, cabbage, tomatoes, chicken, and a white dressing.  The bowl is set on a dappled turquoise background with an orange and white checked napkin, a yellow glass of water, and a wooden serving bowl with corn in a black bowl and lime wedges.  Everytable altered the image by

**COMPLAINT**

1    cropping and enlarging it, removing it from its background, altering the plate to

2    blue and grey, and adding a completely different napkin.

3        55.    The third original image attached hereto as Exhibit G is timely

4    registered with the United States Copyright Office VA 2-394-975 as file name

5    web_Allen_220615_Everytable New Website_527.  It features a shot of a brown

6    bowl with a bed of spinach, macaroni and cheese, and seasoned chicken slices with

7    a crunchy topping.  The bowl is on a yellow tile background with a brown and

8    orange plaid napkin, a fork and knife with white handles, a side bowl of the

9    crunchy topping, and a translucent brown glass of sparkling water.  Everytable

10   altered the image by cropping, rotating, and removing it from its background,

11   altering the bowl from orange to blue, and altering the napkin from green to blue.

12       56.    The use of the two images exceeds the scope of any conceivable

13   license granted to Everytable under the terms of the 2022 Agreement, which,

14   among other things, expressly excludes the right to create any derivative versions

15   of the images by altering them.  Everytable plainly manipulated the original

16   images, not only by removing the backgrounds, but also by creating a composite

17   image, thereby making unlicensed use (and unlawful derivative versions) of the

18   two images in violation of Plaintiff's copyrights therein.

19       57.    Plaintiff is informed and believes, and based thereon alleges, that

20   Defendant has engaged in *additional* infringing conduct of which Plaintiff is not

21   presently aware because the discovery process has not yet commenced.  Plaintiff

22   reserves its right to amend the Complaint, and will seek leave to amend the

23   Complaint, to include this additional infringement as such additional infringements

24   are identified through the discovery process.

25       58.    Efforts to resolve this situation without recourse to litigation have

26   failed as Defendants have gone dark and failed to substantively respond to Plaintiff

27   despite representing that they would, thereby necessitating this lawsuit.

28

**COMPLAINT**

## **FIRST CAUSE OF ACTION**

### **(Copyright Infringement, 17 U.S.C. § 501)**

### **(By Plaintiff against All Defendants)**

59.   Plaintiff hereby incorporates by reference the allegations in paragraphs 1 through 58 above.

60.   Plaintiff is the owner of all rights, title, and interest in the copyright to the Photographs, which substantially consist of material wholly original to Plaintiff and which is copyright subject matter under the laws of the United States. Plaintiff has complied in all respects with the Copyright Act and all of the laws of the United States governing copyrights and the Photographs are registered with the United States Copyright Office.

61.   Defendants have directly, vicariously, and/or contributorily infringed Plaintiff's copyrights by reproducing, displaying, distributing, creating derivative works, and utilizing the Photographs for purposes of trade violation of 17 U.S.C. § 501 et seq.

62.   Defendants' acts of infringement are willful because, inter alia, Defendants are sophisticated parties with full knowledge of the strictures of federal copyright law and the basic requirements for licensing the use of copyrighted content for commercial exploitation, and continued their infringing use of the Photographs despite being on notice of the same.

63.   Defendants, despite such knowledge, willfully reproduced, displayed distributed, created derivative works of, and utilized the Photographs.

64.   On information and belief, Defendants have received substantial benefits in connection with the unauthorized reproduction, display, distribution, and utilization of the Photographs for purposes of trade, including by increased traffic to their website.

65.   All of Defendants' acts are and were performed without Plaintiff's permission, license, or consent.

66.     The wrongful acts of Defendants have caused, and are causing, great injury to Plaintiff, of which damages cannot be accurately computed, and unless this Court restrains Defendants from further and continuing commission of said acts, Plaintiff will suffer irreparable injury, for all of which it is without an adequate remedy at law. Accordingly, Plaintiff seeks a declaration that Defendants are infringing its copyrights and an order under 17 U.S.C. § 502 enjoining Defendants from any further infringement of Plaintiff's copyrights.

67.     As a result of the acts of Defendants alleged herein, Plaintiff has suffered and is suffering substantial damage to its business in the form of loss of profits, injury to goodwill and reputation, and the dilution of the value of its rights, all of which are not yet fully ascertainable.

68.     Because of the willful nature of Defendants' infringing actions, Plaintiff is entitled, per the terms of the Copyright Act, to an award of statutory damages of up to $150,000 per work infringed or, in the alternative, actual damages and a disgorgement of ill-gotten profits.

## SECOND CAUSE OF ACTION

### (Breach of Contract)

### (By Plaintiff against All Defendants)

69.     Plaintiff hereby incorporates by reference the allegations in paragraphs 1 through 68 above.

70.     The parties executed the Retainer Agreement on or about January 16, 2023. The Retainer Agreement expressly guaranteed that Erica Allen would receive the benefit of at least twelve (12) photoshoots, at a base retainer rate of $6,182 (plus art direction and production fees and expenses) per shoot, in the 2023 calendar year.

71.     Erica Allen performed all of its obligations under the Retainer Agreement.

17

**COMPLAINT**

72.     Everytable did not book twelve photoshoots in the 2023 calendar year. Instead, it improperly attempted to terminate the Retainer Agreement, effective immediately, in violation of the provisions thereof, on September 11, 2023.

73.     As a result, Erica Allen was deprived of the benefits due to it under the Retainer Agreement and other damages, including but not limited to compensation for the amount she would have charged for the first eight shoots had they not been falsely promised "at least 12" shoots, in an amount to be proven at trial.

**THIRD CAUSE OF ACTION**

**(Unjust Enrichment)**

**(By Plaintiff against All Defendants)**

74.     Plaintiff hereby incorporates by reference the allegations in paragraphs 1 through 73 above.

75.     In the alternative, Everytable's attempted purported termination of the Retainer Agreement on or about September 11, 2023 resulted in Everytable's unjust enrichment.

76.     Erica Allen conferred a significant benefit on Defendant Everytable in the form of Erica Allen's photography services, and a license to use the photographs, at a significantly discounted rate. The parties understood at the time that Erica Allen's services were provided at a discount, in exchange for Everytable's commitment to book at least twelve photoshoots with Erica Allen in the 2023 calendar year. Erica Allen agreed to this reduced rate based upon Defendant's representations that Erica Allen would receive at least a certain amount of guaranteed work at that rate.

77.     Everytable received eight photoshoots, and the license to use the photographs, at a considerable discount. Everytable retained that value by exploiting the photographs, and by continuing to exploit the photographs well after

**COMPLAINT**

1    it purportedly terminated the Retainer Agreement, without paying Erica Allen its

2    regular single-shoot rate.

3         78.    Erica Allen provided its services, in addition to an array of original,

4    dynamic, and attractive photographs of the type for which Erica Allen is celebrated

5    in the industry, for significantly below the market value it has worked hard to

6    enjoy, to its detriment. Erica Allen received neither the full value of the guaranteed

7    work under the Retainer Agreement, nor the single-shoot rate it had previously

8    quoted Everytable and made clear would be its rate if it were not being guaranteed

9    a minimum of twelve shoots under the Retainer Agreement.

10         79.    It would be unjust to allow Everytable to retain the benefits conferred

11    to it by Erica Allen when Everytable has not fully compensated Erica Allen for the

12    same. The principles of equity require Everytable to make restitution for the

13    benefits conferred to it by Erica Allen in an amount to be proven at trial.

14                               **PRAYER FOR RELIEF**

15         WHEREFORE, Plaintiff requests judgment against Defendants as follows:

16         1.    That Defendants, their officers, agents, servants, employees,

17    representatives, and attorneys, and all persons in active concert or participation

18    with them, be permanently enjoined from designing, copying, reproducing,

19    displaying, promoting, advertising, distributing, or selling, or any other form of

20    dealing or transaction in, any and all advertising and promotional materials, print

21    media, signs, internet websites, or any other media, either now known or hereafter

22    devised, bearing any image or design which infringe, contributorily infringe, or

23    vicariously infringe upon the Photographs;

24         2.    For actual damages and disgorgement of all profits derived by

25    Defendants from their acts of copyright infringement and reimbursement to

26    Plaintiff for all damages suffered by it by reason of Defendants' acts pursuant to 17

27    U.S.C. §§ 504(a)(1) & (b);

28

3.      For an accounting of all profits, income, receipts or other benefit derived by Defendants from the reproduction, copying, display, promotion, distribution or sale of products and services, or other media, either now known or hereafter devised, that improperly or unlawfully infringe upon Plaintiff's copyrights pursuant to 17 U.S.C. §§ 504(a)(1) & (b);

4.      For statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. §§ 504(a)(2) & (c);

5.      For costs and interest pursuant to 17 U.S.C. §§ 504(a)(1) & (b) and 505;

6.      For reasonable attorneys' fees incurred herein pursuant to 17 U.S.C. § 505;

7.      For costs, interest, and reasonable attorneys' fees incurred herein pursuant to the relevant cost, interest, and fees provisions in the Retainer Agreement.

8.      For damages arising out of Defendants' breach of contract, in an amount to be proven at trial;

9.      For restitution in an amount to be proven at trial; and

10.     For any such other and further relief as the Court may deem just and appropriate.

Dated:  December 2, 2024                    **ONE LLP**

                                            By: /s/ John Tehranian
                                                John Tehranian
                                                Jennifer A. Mauri
                                                Victoria E. Mulvey
                                                Attorneys for Plaintiff,
                                                Erica Allen Photography LLC

**COMPLAINT**

1

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury as to all claims and all issues properly triable thereby.

Dated:  December 2, 2024                **ONE LLP**

By: /s/ John Tehranian
    John Tehranian
    Jennifer A. Mauri
    Victoria E. Mulvey
    Attorneys for Plaintiff,
    Erica Allen Photography LLC

**COMPLAINT**